FILED & JUDGMENT ENTERED
Steven T. Salata

February 4 2022

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| IN RE: | ) Bankruptcy Case No. 20-50439 |
| | ) Chapter 7 |
| KATHY LYNNE STRAUSS, | ) |
| | ) |
| Debtor. | ) |
| | ) |

**AMENDED ORDER GRANTING TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO 11 U.S.C. § 363**

THIS MATTER came on before the undersigned United States Bankruptcy Judge for the Western District of North Carolina on the Motion by the Trustee for authority to sell real property free and clear of liens, claims, encumbrances, and other interests pursuant to 11 U.S.C. § 363. It appearing that proper notice was given and no objections were received, the Court finds and concludes as follows:

**JURISDICTION AND NOTICE**

1. John W. Taylor is the duly appointed and acting Chapter 7 Trustee in the above referenced bankruptcy case of Kathy Lynne Strauss.

2. The Trustee brings the Motion pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9014.

3. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).

4. The Bankruptcy Estate is a one-half owner of real property located at 160 County Rd. B2 E., Little Canada, Ramsey County, Minnesota; legally described as: West 102 feet of the East 1943 feet

of the North 256 feet of that part of the Southeast 1/4 of Section 7, Township 29, Range 22, lying South of the South line of County Road B2, formerly 6th Avenue, Ramsey County, Minnesota ("Real Property").

5. David Thomas Bernier, Jr. is the owner of the other undivided one-half interest in the Real Property.

6. By Default Judgment entered on December 17, 2021, in the Adversary Proceeding 20-5005, the Trustee was authorized to market and sell the Real Property free of David Thomas Bernier, Jr.'s interest therein pursuant to bankruptcy Code Section 363(h).

7. The Trustee listed the Real Property for sale through his Court-approved Realtor, Joe Schwartzbauer of Real Broker, LLC d/b/a Grey Duck Properties.

8. Subject to the approval of the Court, the Trustee has entered into a contract to sell the Real Property for the sum of $245,000.00 ("Contract"), a copy of which is attached to the Motion as "Exhibit A".

9. The sale of the Real Property will be free and clear of all liens, claims, encumbrances and other interest, with liens, claims, encumbrances and other interest, if any, to attach to the proceeds of sale.

10. The sale shall be AS IS, WHERE IS, AND WITHOUT WARRANTY. The Trustee will provide to the buyer a Non-Warranty Trustee's Deed at closing. Additionally, any deed of trust holder or other lienholder will cancel its lien on the public record within ten (10) days of notification, orally or in writing, by the Trustee that the Real Property closing has occurred.

11. In the opinion of the Trustee, the sale of the Real Property as set forth herein is in the best interest of the bankruptcy estate and its creditors.

12. There is one deed of trust on the Real Property in favor of Planet Home Lending with an approximate payoff of $140,000.00 (the "Deed of Trust").

13. No other liens are known to the Trustee other than ad valorem taxes, easements, liens and other encumbrances of record, although the Trustee has not performed a title exam.

14. Pursuant to Section 363(f) of the Bankruptcy Code, to the extent that an interest by a third party exists, with respect to each such interest asserted on the Real Property: (1) applicable non-bankruptcy law permits sale of the Real Property free and clear of such interests; (2) such party consents to the sale; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the Real Property; (4) such interest is in bona fide dispute; or (5) such party could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

15. Based on the foregoing, pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell the Real Property free and clear of all liens, claims, encumbrances and other interests, with such liens, claims, encumbrances and other interests attaching to the sale proceeds in accordance with applicable law, including but not limited to:

  a. Deed of Trust; and

  b. any interest that may be held by David Thomas Bernier, Jr..

. 16. The Deed of Trust, any ad valorem property taxes due and costs and incidentals of closing, including a realtor commission to Real Broker, LLC d/b/a Grey Duck Properties in the amount of 6% of the gross sales price are authorized to be paid upon closing the proposed sale directly by the closing attorney.

17. Additionally, the Trustee requests that any expenses necessary to complete the sale (such as allowances for repair work on the Real Property), not to exceed $2,000.00, be authorized to be expended by him without further order of the Court.

18. The Trustee reserves all rights, claims and defenses with respect to all claims asserted against the Debtor, and all liens, security interests and other interests.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Trustee's Motion is GRANTED, and it is further ORDERED that:

1. The Court approves and confirms the proposed sale of the Real Property as set forth above, free and clear of liens, claims, encumbrances, and other interests, including the interest of David

Thomas Bernier, Jr.;

2. Liens, claims, encumbrances and other interests, if any, shall attach to the proceeds of the sale in accordance with the Bankruptcy Code and other applicable laws, and that any lienholder remove its lien from the public record within ten (10) days of notification of the closing by the Trustee;

3. The Trustee is authorized to execute any instrument or document necessary or appropriate to consummate the sale of the Real Property as set forth above;

4. The Trustee, the buyer, and all other parties have acted in good faith and are entitled to the protection of Section 363(m) of the Bankruptcy Code;

5. The parties are not stayed for any period of time after the entry of this Order from consummating any and all transactions contemplated by the Trustee's Motion, including, without limitation, the closing of the proposed sale of the Real Property;

6. The Trustee is authorized to pay the Deed of Trust, any ad valorem property taxes and costs and incidentals of closing, including a realtor commission to Real Broker, LLC d/b/a Grey Duck Properties in the amount of 6% of the gross sales price at closing directly by the closing attorney;

7. The Trustee is authorized for expenditures up to $2,000.00 for items necessary to close the sale; and

8. The Court retains jurisdiction of this matter to determine the distribution of the net sales proceeds between the bankruptcy estate and David Thomas Bernier, Jr..

This Order has been signed electronically.                    United States Bankruptcy Court
The judge's signature and court's seal
appear at the top of the Order.